# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CARLOS MEDINA, | ) |
| Plaintiff, | ) |
| v. | ) |
| CHRISTOPHER HOLT and TIMOTHY LENANE, in their individual capacities, | ) |
| Defendants. | ) |

# COMPLAINT

## INTRODUCTION

1. Plaintiff brings this civil rights action for damages for unreasonable force against two Boston police officers. On February 28, 2009, Boston police officers Timothy Lenane and Christopher Holt assaulted Carlos Medina, fracturing his nose. Defendants Lenane and Holt went to the public way behind the Pine Street Inn to "broom" the area of homeless people. When the police officers approached, everyone fled except for Mr. Medina. Defendants incorrectly assumed that Mr. Medina had drugs. Defendant Lenane grabbed Mr. Medina's throat and looked inside his mouth for drugs. Defendant Holt hit Mr. Medina on the nose with a hard metal object, breaking his nose. Both Defendants attacked Mr. Medina, kicking and punching him while he was on the ground. Defendants did not find any drugs and did not arrest Mr. Medina or charge him with a crime. As a result of the unnecessary and unreasonable force used by both Defendants, Mr. Medina suffered several nasal bone fractures and face lacerations. Mr. Medina's nose is permanently disfigured.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth amendments of the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 provide federal question jurisdiction over all federal claims, and 28 U.S.C. § 1367 provides supplemental jurisdiction over state law claims.

**PARTIES**

3. Plaintiff Carlos Medina is a citizen of the Commonwealth of Massachusetts.

4. Defendant Timothy Lenane was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and of the City of Boston. He is sued in his individual capacity.

5. Defendant Christopher Holt was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and of the City of Boston. He is sued in his individual capacity.

**FACTS**

6. On February 28, 2009, at approximately 1:30 a.m., Plaintiff, Carlos Medina, was standing behind the Pine Street Inn on Paul Sullivan Way in Boston.

7. Paul Sullivan Way is frequented by men and woman who are homeless, many of whom are also suffering from drug addiction or alcoholism. Some of these individuals use drugs behind the Pine Street Inn.

8. Mr. Medina has struggled with drug addiction. He was forty-two years old. He was homeless and had used drugs earlier that day.

9. At approximately 1:40 a.m., Defendants Timothy Lenane and Christopher Holt, in plain clothes, drove down Paul Sullivan Way in an unmarked car.

10. As the officers drove down the street, people in the area recognized the car and scattered.

11. Mr. Medina did not have drugs and was not doing anything illegal. Since Mr. Medina had no reason to leave when the police arrived, he stayed where he was.

12. Defendant Holt has acknowledged that he and Defendant Lenane stopped on Paul Sullivan Way once a night to "broom" homeless people out of the area.

13. Defendants incorrectly assumed that Mr. Medina was engaged in illegal activity.

14. Defendant Holt stopped the car in front of Mr. Medina. Defendant Lenane, located on the passenger side, got out of the car and walked toward Mr. Medina.

15. Defendant Lenane asked Mr. Medina where he lived. Mr. Medina told him that he was homeless.

16. Defendant Lenane grabbed Mr. Medina's throat and looked into his mouth, apparently hoping to find drugs.

17. Defendant Lenane did not find any drugs.

18. Defendants were frustrated that they did not find any drugs on Mr. Medina. Defendant Holt approached Mr. Medina and struck him on the bridge of the nose with a hard metal object. Mr. Medina was unable to see the object but believed that it was a flashlight.

19. Surveillance video shows that Defendants were using flashlights during their encounter with Mr. Medina.

20. Defendants knocked Mr. Medina to the ground and repeatedly hit him with the hard metal object.

21. Defendants punched and kicked Mr. Medina in the face, back, and ribs.

22. After assaulting Mr. Medina, one of the Defendants said, "You didn't give me the drugs." Mr. Medina replied that he did not have any drugs.

23. One of the Defendants told Mr. Medina to stand up. Mr. Medina said that he could not feel his legs.

24. Defendant Holt called an ambulance. Defendant Holt reported on the call that Mr. Medina "has a pretty good amount of blood" and was "in and out of consciousness."

25. Before the ambulance arrived, one of the Defendants threatened Mr. Medina, saying, "if anything happens we will come back and get you."

26. Emergency Medical Technicians (EMTs) Mancuso and Stewart arrived on the scene quickly. They found Mr. Medina sitting on the steps bloodied and battered. Mancuso observed a laceration on the bridge of Mr. Medina's nose, blood on his face and coat, and bruising on his left cheek.

27. Defendants said to Mancuso and Stewart words to the effect of "there he is." They did not mention their interaction with Mr. Medina nor did they say how he was injured.

28. While EMT Mancuso examined Mr. Medina, the back door to the ambulance was open and Defendants stood near the door.

29. When EMT Mancuso asked how he was injured, Mr. Medina said that he fell. Mr. Medina did not say that he had been assaulted by police officers because he was afraid Defendants would carry out their threat if he told the truth.

30. EMT Mancuso questioned Mr. Medina's claim that his injuries were caused by a fall.

31. Mr. Medina, fearful of the consequences of telling the truth, did not explain what happened and continued to claim that he was fine and did not need treatment. Thus, the EMTs did not transport Mr. Medina for medical care.

32. Frustrated and in pain, Mr. Medina left the scene and walked to his mother's apartment on Tremont Street.

33. Mr. Medina was never arrested or charged with a crime as a result of this incident. Defendants did not find any illegal drugs in Mr. Medina's possession.

34. Defendants did not have probable cause to arrest Mr. Medina.

35. Mr. Medina's brother Julio was at the apartment when he arrived. Alarmed on viewing his brother's injuries, Julio insisted that Mr. Medina call for an ambulance.

36. EMTs Mancuso and Stewart, who responded to the initial call, also responded to the call at Tremont Street.

37. At this point Mr. Medina told the EMTs that he had been assaulted by the police officers.

38. The EMTs transported Mr. Medina to Tufts Medical Center, where he was admitted. He was discharged on March 2, 2009.

39. As a direct result of Defendants Lenane's and Holt's actions, Mr. Medina suffered physical and emotional injuries. Mr. Medina suffered from several complex and nasal bone fractures, a displaced fracture of the right nasal bone, a fractured maxillary bone as well as the fracture of his nasal septum. A physical examination showed trauma to the facial bones, head, and spine. Surgery was recommended for his nose injuries. Medical staff also noted left jaw and nose lacerations. Mr. Medina's nose is permanently disfigured. He complains of unbalanced breathing and intermittent pain on the right side of his nose.

**COUNT I    Claim under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments for Unreasonable Use of Force**

40. The above paragraphs are incorporated by reference.

41. Defendants Lenane and Holt, acting jointly, used unreasonable force against Plaintiff, Carlos Medina, depriving him of his right to be free from unreasonable use of force by police officers.

42. These actions were taken with reckless disregard for Plaintiff's constitutional rights.

43. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

**COUNT II** **Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §11I**

44. The above paragraphs are incorporated by reference.

45. Defendants Lenane and Holt, acting jointly, violated Plaintiff's civil rights under the Massachusetts Civil Rights Act, M.G.L. C.12 §11I, by threats, intimidation and coercion.

46. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

**COUNT III** **Tort of Assault and Battery**

47. The above paragraphs are incorporated by reference.

48. Defendants Lenane and Holt, acting jointly, committed the common law tort of assault and battery when they threatened Plaintiff and applied unreasonable unprivileged force.

49. As a direct and proximate result of Defendants' actions, Plaintiff suffered the injuries described above.

**WHEREFORE**, Plaintiff requests that this Court:

1. Award compensatory damages.

2. Award punitive damages against Defendants Timothy Lenane and Christopher Holt.

3. Award the cost of this action including reasonable attorney fees.

4. Award such other further relief as this court deems appropriate and necessary.

**JURY DEMAND**

A trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,

For the Plaintiff,
By his attorneys,

/s/ Howard Friedman
Howard Friedman, BBO #180080
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100
hfriedman@civil-rights-law.com

/s/ David Milton
David Milton, BBO # 668908
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100
dmilton@civil-rights-law.com

Dated: February 16, 2011

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served upon the attorney of record for each party via ECF.

Date: February 16, 2011  /s/ Howard Friedman
                Howard Friedman

7